UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY C. STANCEU, JUDGE

_____

TOKYO OHKA KOGYO AMERICA, INC.     :
                                               :

                       Plaintiff,     :     Court No. 21-00371

                 v.                 :

UNITED STATES                       :

                    Defendants.    :

_____ :

## **<u>ORDER</u>**

Upon reading defendant's motion to dismiss, plaintiff's responses thereto; and upon

consideration of other papers and proceedings had herein, it is hereby

      **ORDERED** that defendant's motion be, and hereby is granted, and it is further

      **ORDERED** that this action is dismissed.


                                   _____
                                   TIMOTHY C. STANCEU, JUDGE

Dated: _____, 2023
       New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY C. STANCEU, JUDGE

| | | |
|---|---|---|
| TOKYO OHKA KOGYO AMERICA, INC. | : | |
| | : | |
| Plaintiff, | : | Court No. 21-00371 |
| v. | : | |
| | : | |
| UNITED STATES | : | |
| | : | |
| Defendants. | : | |
| | : | |

## **<u>DEFENDANT'S MOTION TO DISMISS</u>**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court dismiss this action for lack of subject matter jurisdiction.  The reasons for our motion are set forth in the accompanying memorandum of law.

WHEREFORE, defendant respectfully requests that an order be entered granting defendant's motion to dismiss, dismissing this action, and granting defendant such other and further relief as may be just and appropriate.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney in Charge
International Trade Field Office

/s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Edward F. Kenny
EDWARD F. KENNY
Senior Trial Counsel
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-O480 or 9230
*Attorneys for Defendant*

Of Counsel:
Emma L. Tiner
Attorney – International Trade Litigation
Office of the Assistant Chief Counsel
U.S. Customs and Border Protection

Dated:  October 20, 2023

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY C. STANCEU, JUDGE

_____

TOKYO OHKA KOGYO AMERICA, INC.             :
                                           :
                              Plaintiff,    :        Court No. 21-00371
                    v.                      :
                                           :
UNITED STATES                              :
                                           :
                              Defendants.   :
_____ :


**<u>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS</u>**


                                   BRIAN M. BOYNTON
                                   Principal Deputy Assistant Attorney General

                                   PATRICIA M. McCARTHY
                                   Director

                                   JUSTIN R. MILLER
                                   Attorney in Charge
                                   International Trade Field Office

                                   AIMEE LEE
                                   Assistant Director

                                   EDWARD F. KENNY
                                   Senior Trial Counsel
                                   Department of Justice, Civil Division
Of Counsel:                        Commercial Litigation Branch
Emma L. Tiner                      26 Federal Plaza, Room 346
Attorney – Int'l Trade Litigation  New York, New York 10278
Office of the Assistant Chief Counsel  (212) 264-0480 or 9230
U.S. Customs and Border Protection  Attorneys for Defendant

## TABLE OF CONTENTS

BACKGROUND AND FACTS ........................................................................................1

ARGUMENT ...........................................................................................................3

I.     STANDARD OF REVIEW ...............................................................................3

II.    THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE
SUIT WAS NOT TIMELY COMMENCED FOLLOWING THE MAILING OF
THE DENIAL OF PROTEST NO. 2809-08-100277 ...............................................4

        1.  The Relevant Legal Framework.................................................................4

        2.  Tokyo Ohka Failed To Timely File Suit After CBP Denied Its Protest ......6

CONCLUSION.......................................................................................................12

## TABLE OF AUTHORITIES

**<u>Cases</u>**

*A.N. Deringer, Inc. v. United States)*
 20 CIT 978 (Ct. of Int'l Trade 1996) ...........................................................................10

*Bd. of Cnty. Comm'rs of Johnson Cnty. v. Coleman American*
 *Properties, Inc. (In re American Properties, Inc.),*
 30 B.R. 235 (Bankr.D.Kan.1983) ...........................................................................9

*CR Indus. v. United States,*
 10 C.I.T. 561 (1986) ...........................................................................3

*Craft v. United States,*
 218 Ct. Cl. 579, 589 F.2d 1057 (1978) ...........................................................................4

*Dery v. Wyer,*
 265 F.2d 804 (2d Cir. 1959) ...........................................................................4

*F. Alderete Gen. Contractors, Inc. v. United States,*
 715 F.2d 1476 (Fed. Cir. 1983) ...........................................................................4

*Fed. Kemper Life Assur. Co. v. Ellis,*
 28 F.3d 1033 (10th Cir. 1994) ...........................................................................9, 10

*Ford Motor Co. v. United States,*
 979 F. Supp. 874, 888 (Ct. Int'l Trade 1997)
 *rev'd on other grounds,* 157 F.3d 849 (Fed. Cir. 1988) ...........................................................................10

*Gulf Coast Inv. Corp. v. Sec'y of HUD,*
 509 F.Supp. 1321 (E.D.La.1980) ...........................................................................9

*Hill v. Rolleri,*
 615 F.2d 886 (9th Cir. 1980) ...........................................................................4

*In re Leo M. Hall,*
 781 F.2d 897 (Fed. Cir. 1986) ...........................................................................9

*JCM, Ltd. v. United States,*
 210 F.3d 1357 (Fed. Cir. 2000) ...........................................................................3

*Pentax Corp. v. Robison,*
 125 F.3d 1457 (Fed. Cir. 1997)
 *modified, in part,* 135 F.3d 760 (Fed. Cir. 1998) ...........................................................................3

*Riggs Nat. Corp. v. C.I.R.*,
   295 F.3d 16 (Fed. Cir. 2002) .......................................................................10

*Rosado v. Wyman*,
   397 U.S. 397, 90 S. Ct. 1207, 25 L. Ed. 2d 442 (1970) ...................................4

*St. Paul Mercury Indemnity Co. v. Red Cab Co.*,
   303 U.S. 283, 58 S. Ct. 586, 82 L. Ed. 845 (1938) ........................................4

*Steel Co. v. Citizens For A Better Env't*,
   523 U.S. 83 (1998) ........................................................................................3

*Wally Packaging, Inc. v. United States*,
   7 C.I.T. 19, 578 F. Supp. 1408 (1984)............................................................3

*Washington Int'l Ins. Co. v. United States*,
   25 C.I.T. 207, 138 F. Supp. 2d 1314 (2001).....................................................4

## Statutes, Regulations, and Rules

19 U.S.C. §1514..............................................................................................6

19 U.S.C. § 1514(a) .........................................................................................5

19 U.S.C. § 1515(a) .........................................................................................6

28 U.S.C. § 1581(a) .........................................................................................1

28 U.S.C. § 2632..............................................................................................6

28 U.S.C. § 2636..............................................................................................5

28 U.S.C. § 2636(a)(1)..........................................................................1, 3, 6, 10, 11

## Harmonized Tariff Schedule of The United States

Chapter 37

Heading 3707

Subheading 3707.10.00................................................................................2

Subheading 3707.90.32................................................................................2

**Rules**

U.S.C.I.T Rule 12(b)(1) ................................................................................................1, 3

Fed.R.Evid. 406 ...........................................................................................................9

**Regulations**

19 C.F.R. § 174.30 ...........................................................................................5, 6, 7, 8

19 C.F.R. § 174.30(a).................................................................................................8

19 C.F.R. § 174.31 ..............................................................................................5, 6

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY C. STANCEU, JUDGE

_____
TOKYO OHKA KOGYO AMERICA, INC.          :
                                        :
                          Plaintiff,    :          Court No. 21-00371
              v.                        :
                                        :
UNITED STATES                           :
                                        :
                          Defendants.   :
_____  :

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, United States (the Government), submits this memorandum in support of its motion, pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade (USCIT Rules), seeking to dismiss this action for lack of subject matter jurisdiction. This Court lacks jurisdiction under 28 U.S.C. § 1581(a) because this action was not commenced "within one hundred and eighty days after the date of mailing of notice of denial of a protest." 28 U.S.C. § 2636(a)(1). To the contrary, this case was untimely commenced more than nine years after U.S. Customs and Border Protection (CBP) mailed the denial of plaintiff's protest, as discussed below.

## BACKGROUND AND FACTS

Plaintiff, Tokyo Ohka Kogyo America, Inc. (plaintiff or TOK) commenced Court no. 17-00284, challenging classification of certain photoresists through the filling of a summons, which was then severed into two actions, Court No. 17-00284 and Court No. 21-00371. *See* Court No. 17-00284 (Docket No. 12). This action, Court no. 21-00371,

was commenced on December 21, 2017, and covers Protest no. 2809-08-100277, which is comprised of twenty-eight entries.[1]

The 28 entries of photoresists covered by Protest no. 2809-08-100277 were entered at the Port of San Francisco, California, between January 23, 2007 and April 17, 2007.  *See* Gov. Ex. 1 Customs protest file (pp. 3-4 of 59).  The entries liquidated between December 7, 2007 and February 29, 2008.  *See id*.  TOK protested the liquidation of the 28 entries in Protest no. 2809-08-100277 filed on May 27, 2008 with the Port of San Francisco, California.[2]  CBP then denied Protest no. 2809-08-100277 and the denied protest was mailed on July 3, 2008.  *See* Gov Ex. 2, Salenga Declaration and Gov. Ex. 1 ACS record (p. 3 of 59) and Protest Denial (p. 4 of 59).

The Port of San Francisco had a procedure in place for mailing notices of denials of protests during the relevant time period.  Once a decision is made on the protest, it is routed from the import specialist who decided the protest to an Entry Technician or Entry Specialist.  *See* Gov Ex. 2, Salenga Declaration at ¶ 6.  That Entry Technician or Entry Specialist records the protest status and decision date into ACS, CBP's computer system.  *Id*.  Once the denial is recorded in ACS, an Entry Technician or Entry Specialist places

---

[1]  Court No. 21-00371, was originally comprised of two protests: protest number 2809-08-100277, covering twenty-eight entries, and protest number 2809-09-100345, covering eight entries.  Thereafter, on September 15, 2023, the Court ordered the severance of protest number 2809-09-100345 from Court No. 21-00371.  *See* Court No. 23-00193 (Docket No. 1).  The eight entries covered by protest number 2809-09-100345 now comprise Court No. 23-00193.

[2]  Plaintiff challenged the classification of products described as "chemically amplified photoresists" ("CA" photoresists) and "diazo-novolac and bisazide-cyclized rubber photoresists" ("D/B" photoresists), and whether they are classified under subheading 3707.10.00 of the Harmonized Tariff Schedule of the United States (HTSUS), as "sensitizing emulsions" or subheading 3707.90.32, HTSUS, as other chemical preparations for photographic uses.

the notice of the denial of a protest into an appropriately addressed envelope and deposits it into an outgoing mail bin. *Id*. The Mail Technician then picks up the mail and brings it to the U.S. Post Office. *Id*. Entry Technician Nolita Salenga followed these procedures, and attests to her initials and handwriting on the protest denial evidencing that the denial of plaintiff's protest was mailed on July 3, 2008. *See* Gov Ex. 2, Salenga Declaration at ¶¶ 8, 10.

The summons in this case was filed on December 21, 2017, nine years and five months after July 3, 2008, and more than 180 days after the date of mailing of the notice of denial of Protest no. 2809-08-100277. Accordingly, this case was not timely commenced and, this Court lacks jurisdiction over this action. *See* 28 U.S.C. § 2636(a)(1).

## ARGUMENT

### I.     STANDARD OF REVIEW

The Court's determination of its subject matter jurisdiction is a threshold inquiry. *Steel Co. v. Citizens For A Better Env't*, 523 U.S. 83, 94-95 (1998); *CR Indus. v. United States*, 10 C.I.T. 561, 562 (1986) ("It is fundamental that the existence of a jurisdictional predicate is a threshold inquiry in which plaintiff bears the burden of proof."). Whether to grant a motion to dismiss for lack of jurisdiction is a question of law. *JCM, Ltd. v. United States*, 210 F.3d 1357, 1359 (Fed. Cir. 2000). Where jurisdiction is challenged pursuant to Rule 12(b)(1), the burden rests on the plaintiff to establish the basis for jurisdiction. *Pentax Corp. v. Robison*, 125 F.3d 1457, 1462 (Fed. Cir. 1997), *modified, in part*, 135 F.3d 760 (Fed. Cir. 1998); *see also Wally Packaging, Inc. v. United States*, 7 C.I.T. 19, 20, 578 F. Supp. 1408, 1410 (1984) (noting that "[w]hen the Court's jurisdiction

is challenged, the party asserting jurisdiction has the burden of establishing that jurisdiction exists").

"Jurisdiction over Customs' actions is measured at the time the summons is filed." *Washington Int'l Ins. Co. v. United States*, 25 C.I.T. 207, 218, 138 F. Supp. 2d 1314, 1326 (2001). This follows from "the long-standing rule in the Federal courts that jurisdiction is determined at the time the suit is filed and, after vesting, cannot be ousted by subsequent events, including action by the parties." *F. Alderete Gen. Contractors, Inc. v. United States*, 715 F.2d 1476, 1480 (Fed. Cir. 1983) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293, 58 S. Ct. 586, 82 L. Ed. 845 (1938); *Rosado v. Wyman*, 397 U.S. 397, 402, 90 S. Ct. 1207, 25 L. Ed. 2d 442 (1970); *Dery v. Wyer*, 265 F.2d 804 (2d Cir. 1959); *Hill v. Rolleri*, 615 F.2d 886 (9th Cir. 1980); *Craft v. United States*, 218 Ct. Cl. 579, 589 F.2d 1057 (1978)), cited in *Washington Int'l*, 25 C.I.T. at 218, 138 F. Supp. 2d at 1325. In this case, the summons was untimely filed and therefore, this Court lacks jurisdiction.

## II.     THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE SUIT WAS NOT TIMELY COMMENCED FOLLOWING THE MAILING OF THE DENIAL OF PROTEST NO. 2809-08-100277

TOK cannot establish that this Court has jurisdiction over this matter and this action should be dismissed. TOK timely protested its entries but failed to challenge the denial of its protest through the commencement of an action in this Court within the required timeframe.

### 1.    <u>The Relevant Legal Framework</u>

Section 1514 of Title 19 of the United States Code provides that certain enumerated decisions of CBP, including a decision involving the classification and rate of duties, will be deemed final unless a protest is filed or unless a civil action contesting

the denial of a protest, in whole or in part, is commenced in the United States Court of

International Trade (CIT) within the time period prescribed by 28 U.S.C. § 2636.

Section 1514 of Title 19, United States Code, states, in relevant part:

**(a) Finality of decisions; return of papers**
Except as provided in [sections not relevant to this case], decisions of the
Customs Service, including the legality of all orders and findings entering into the
same, as to--

* * *

(2)      the classification and rate and amount of duties chargeable;

* * *

shall be final and conclusive upon all persons (including the United States and
any officer thereof) unless a protest is filed in accordance with this section, or
**unless a civil action contesting the denial of a protest, in whole or in part, is
commenced** in the United States Court of International Trade in accordance with
chapter 169 of Title 28 **within the time prescribed by section 2636 of that title**.

19 U.S.C. § 1514(a) (2003) (emphasis added).

Title 28, section 2636 of the United States Code, (Time for Commencement of

Action) states, in relevant part:

**(a)**      A civil action contesting the denial, in whole or in part, of a protest under
section 515 of the Tariff Act of 1930 **is barred unless commenced** in accordance
with the rules of the Court of International Trade—

(1) **within one hundred and eighty days after the date of mailing of notice
of denial of a protest under section 515(a) of such Act**; or

(2) within one hundred and eighty days after the date of denial of a protest by
operation of law under the provisions of section 515(b) of such Act.

Finally, subparts 174.30 and 31 of Part 19, Code of Federal Regulations, (Notice of

denial of protest and Judicial Review of Denial of Protest) state, in relevant part:

Section 174.30 - Notice of denial of protest, provides as follows:

(a) Issuance of notice. Notice of denial of a protest shall be mailed to any person
filing a protest or his agent in all cases other than those in which accelerated

disposition was requested and in which no action has been taken within 30 days after the date of mailing of the request. The notice shall include a statement of the reasons for the denial, as well as a statement informing the protesting party of the right to file a civil action contesting the denial of the protest under section 514, Tariff Act of 1930, as amended (19 U.S.C. 1514). **For purposes of section 515(a), Tariff Act of 1930, as amended (19 U.S.C. 1515(a)), the date appearing on such notice shall be deemed the date on which such notice was mailed**.

19 C.F.R. § 174.30 (emphasis added).

Section 174.31 - Judicial review of denial of protest, provides as follows:

Any person whose protest has been denied, in whole or in part, may contest the denial by filing a civil action in the United States Court of International Trade in accordance with 28 U.S.C. 2632 within 180 days after—

    (a) **The date of mailing of notice of denial,** in whole or in part, of a protest,

    (b) The date a protest, for which accelerated disposition was requested, is deemed to have been denied in accordance with § 174.22(d), or

    (c) The date that a protest is deemed denied in accordance with § 174.21(b), or § 151.16(g) of this chapter.

19 C.F.R. § 174.31 (emphasis added).

The governing law makes clear that an action must be commenced in Court within 180 days of CBP's date of mailing of the notice of denial of a protest to be timely filed.

**2. <u>Tokyo Ohka Failed To Timely File Suit After CBP Denied Its Protest</u>**

According to both statute (28 U.S.C. § 2636 (a)(1)) and regulation (19 C.F.R. § 174.31), a person may contest the denial of a protest by filing a civil action in the United States Court of International Trade within 180 days after the date of mailing of the notice of denial of the protest. Here, TOK did not institute the action until well-after the notice of the denial, *i.e.*, nine years and five months, which does not comply with the required timeframe.

As noted above, TOK protested the liquidation of the twenty-eight entries in Protest no. 2809-08-100277 on May 27, 2008 at the Port of San Francisco, California. *See* Gov. Ex. 1 Customs protest file.  CBP thereafter denied Protest no. 2809-08-100277, and the denied protest was mailed on July 3, 2008.  *See* Gov. Ex. 2, Salenga Declaration and Gov. Ex. 1 ACS record (p. 3 of 59), Protest Denial (p. 4 of 59); 19 C.F.R. § 174.30.

The protest documents indicate that Protest no. 2809-08-100277, was denied by Import Specialist (IS) Brian Pilipavicius[3] as demonstrated by his signature on the copy of the protest denial at issue.  Gov. Ex. 1 Customs protest file at p. 4 of 59.  IS Pilipavicius denied Protest no. 2809-08-100277 on July 2, 2008, and then transferred the denied protest to be processed and mailed.  *See* Gov. Ex. 1 Customs protest file at p. 48 of 59 (Transmittal and Routing Slip), Gov. Ex. 2 Salenga Declaration at ¶ 9.  At the time, Entry Technician Nolita Salenga[4] worked at the Port of San Francisco and handled both the incoming and outgoing processing of protests.  Gov. Ex. 2 Salenga Declaration at ¶¶ 1, 2, and 7.  Upon Ms. Salenga's review of protest 2809-08-100277, she was able to confirm that the protest paperwork bore her initials and handwritten dates.  Gov. Ex. 2 Salenga Declaration at ¶ 8.  Specifically, Ms. Salenga recognizes her initials and the date of May 27, 2008, which appear on the "date received" box of Protest no. 2809-08-100277, indicating that she received the protest on behalf of CBP on May 27, 2008.  *Id.*   In addition, she recognized her initials and the date July 3, 2008, which appear on the "signature" box next to Mr. Pilipavicius's signature on the denial portion of Protest no. 2809-08-100277.  *Id.*

---

[3] IS Pilipavicius is presently retired from U.S. Customs and Border Protection.
[4] Ms. Salenga is presently retired from U.S. Customs and Border Protection.

Although Ms. Salenga does not specifically recall working on this protest, she does recognize her initials which confirms that she did, in fact, process the protest at both the intake and denial stage.  Ms. Salenga explained the business practice regarding the processing of the denial of protests at the Port during the relevant time period here and explained that she routinely followed this practice.  *See* Gov. Ex. 2 Salenga Declaration at ¶¶ 5, 6, and 7.  Ms. Salenga testified that, once a protest was denied, the import specialist would transmit the denied protest to the entry personnel.  *Id*.  Once the denied protest was transferred, the entry technician or specialist would record the denial date in ACS, write the date of the denial on the protest form, and place the denied protest in an envelope addressed to the importer.  *Id*.  The entry specialist would then compile the envelopes and bring them to the mailing room for mailing.  *Id*.  CBP mail personnel would then mail the notice of the denial of the protest at the Post Office.  *Id*.  Ms. Salenga testified in her declaration that based upon her initials and the date of July 3, 2008 on Box 20 of the protest, and the Port's processing practice, which she followed, the denial was mailed on July 3, 2008.  *See* Gov. Ex. 2 Salenga Declaration at ¶ 8.  The ACS record also indicates the date of denial as July 3, 2008 which is the same date that the denial would have been mailed according to Port procedure.  This evidence aligns with 19 C.F.R. § 174.30 which provides that, "the date appearing on [the notice of denial of the protest] shall be deemed the date on which such notice was mailed." 19 C.F.R. § 174.30(a) (2000).

The declaration of Ms. Salenga as to the business practice of the Port of San Francisco and the practice she followed regarding the processing of protest denials demonstrates that the denial of Protest no. 2809-08-100277 was mailed on July 3, 2008.

Her initials, handwritten date, and corresponding ACS entry, confirm that she followed the stated practice with regard to the mailing of the TOK's protest denial on July 3, 2008.

Federal Rule of Evidence (FRE) 406, allows for evidence of a habit or routine practice to prove that the person or business acted in conformity that practice. *See also In re Leo M. Hall*, 781 F.2d 897, 899 (Fed. Cir. 1986) (The probative value of routine business practice to show the performance of a specific act has long been recognized. *See, e.g.,* 1 Wigmore, Evidence § 92 (1940); Rule 406, Fed.R.Evid.; 2 Weinstein, Evidence §§ 406[01], 406[03] (1981).)

*Federal Kemper Life Assur. Co. v. Ellis*, 28 F.3d 1033 (10th Cir. 1994) discussed the evidence of a business's habit or practice involving mailing which is instructive here. The issue in that case was whether plaintiff mailed a notice in compliance with an insurance policy contract where the obligation was to mail the notice to defendant's address, however, there was no duty on the part of plaintiff to ensure that the defendant actually received the notice. Specifically, the *Federal Kemper* court found that proof of mailing was sufficient and the "district court need only have determined if there was a material issue of fact whether the notice was mailed." *Id*. at 1039. As to the evidence presented, the Court held that:

> Proof of customary and usual computer procedures is sufficient to show adherence to usual and customary procedures of proper mailing. *Gulf Coast Inv. Corp. v. Secretary of HUD*, 509 F.Supp. 1321, 1325–26 (E.D.La.1980); s*ee also Board of County Comm'rs of Johnson County v. Coleman American Properties, Inc*. (In re American Properties, Inc.), 30 B.R. 235, 237 (Bankr.D.Kan.1983); Fed.R.Evid. 406. Kemper provided materials establishing a standard operating procedure regarding the sending of premium due notices. Kemper provided evidence that notices and accompanying envelopes are generated one month prior to the due date of the premium; and that the notices are hand carried to the mail room, inserted into envelopes, and deposited in the mail within forty-eight

hours. Plaintiff supplied a copy of a status report showing a premium due notice for the policy at issue was generated and mailed to defendant on March 19, 1990.

Defendant argues that the testimony she presented that neither she nor her bookkeeper ever received the notice in question rebuts the presumption that the notice was mailed and thus creates an issue of material fact. We disagree. The contract required only that a notice be mailed. The burden of the failure of the post office to deliver falls upon the insured, not the insurer, in such circumstances. Simple denial of receipt does not create an issue for the jury as to whether the notice was mailed when Kemper has presented evidence of standard mailing procedures.

*Id.* at 1039, 1040.

As with the contract of insurance in *Federal Kemper*, the statute at issue 28 U.S.C. § 2636 (a)(1) requires only the "mailing of notice of denial of protest" and not receipt of notice to start the 180-day clock.  That plaintiff may claim not to have received the protest denial, despite the evidence we have presented demonstrating its mailing, is of no relevance, nor can it create a question of fact.

Further while Ms. Salenga's testimony provides evidence of mailing of the notice of denial, the presumption of regularity is also applicable.  The presumption of regularity is a presumption that "in the absence of clear evidence to the contrary, the court will presume that public officers have properly discharged their official duties.'"  *Riggs Nat. Corp. v. C.I.R.,* 295 F.3d 16, 20-21 (Fed. Cir. 2002); *Ford Motor Co. v. United States*, 979 F. Supp. 874, 888 (Ct. Int'l Trade 1997), *rev'd on other grounds*, 157 F.3d 849 (Fed. Cir. 1988); *A.N. Deringer, Inc. v. United States*, 20 CIT 978, 986 (Ct. Int'l Trade 1996). Ms. Salenga's declaration establishes that a procedure was in place for protests and relevant here, the denial of protests and the processing of those denials.  Accordingly, in

addition to our evidence presented through Mr. Salenga's declaration, there is also a presumption that the notice of denial was mailed on July 3, 2008.

In sum, the evidence, which includes Ms. Salenga's declaration and CBP records, along with the authorities cited above, establish that the summons at issue was filed more than one hundred and eighty days after the date of mailing of the notice of denial of Protest no. 2809-08-100277, *i.e.*, nine years and five months after July 3, 2008. Accordingly, this action is untimely, the Court lacks jurisdiction over the entries in this action covered by this protest, and this case should be dismissed.  *See* 28 U.S.C. § 2636 (a)(1).

## **CONCLUSION**

For the foregoing reasons, this Court should grant the Government's motion to dismiss.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney in Charge
International Trade Field Office

/s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Edward F. Kenny
EDWARD F. KENNY
Senior Trial Counsel
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-0480 or 9230
*Attorneys for Defendant*

Of Counsel:
Emma L. Tiner
Attorney – International Trade Litigation
Office of the Assistant Chief Counsel
U.S. Customs and Border Protection


Dated:  October 20, 2023

## **CERTIFICATE OF COMPLIANCE**

I, Edward F. Kenny, an attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's memorandum in support of defendant's motion to dismiss, dated October 20, 2023, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 3,340 words.

/s/ Edward F. Kenny